IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL JAURIGUI,

    Plaintiff,

vs.                                                                                No. CIV 20-0828 JB\LF

CHRIS BRICE, and
U.S. MARSHAL SERVICE

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Daniel Jaurigui's failure to pay the filing fee for his Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus, filed August 17, 2020 (Doc. 1)("Petition"). Jaurigui challenges the execution of his federal sentence, and in particular, the Bureau of Prisons' ("BOP") refusal to transfer him to his federal facility. See Petition at 1. Jaurigui did not pay the filing fee, as directed, and recently severed contact with the Court. Having reviewed applicable law and the record, the Court will dismiss the Petition without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Jaurigui filed the Petition on August 17, 2020. See Petition ¶ 1, at 1. He notes that the Court recently sentenced him to 120 months of imprisonment in Case No. CIV 19-1433 JB. See Petition ¶ 2, at 1. The Court imposed the sentence on May 19, 2020, after Jaurigui pled guilty to: (i) possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine; (ii) possession with intent to distribute 100 grams or more of heroin; and (iii) possession of a firearm in furtherance of a drug trafficking crime. See Judgment in a Criminal

Case, entered May 19, 2020 (CR Doc. 52 in CR 19-1433-JB)(hereinafter, the "Judgment"); Plea Agreement filed May 22, 2019 (CR Doc. 19 in CR 19-1433-JB).  The Petition alleges that, as of August 17, 2020, the BOP would not accept new admissions because of the COVID-19 pandemic. See Petition at 1, 3.  Jaurigui therefore remained at the Luna County Detention Center ("LCDC") after sentencing.  See Petition ¶ 4, at 3.  Jaurigui alleges his underlying conditions, including diabetes, high cholesterol, high blood pressure, and high triglycerides, place him at a higher risk of death if he contracts COVID-19.  See Petition ¶ 6, at 4.  He asks to be placed on home confinement "until such time as COVID-19 no longer poses a grave threat," at which time he would enter a BOP facility to serve the remainder of his sentence.  Petition ¶ 10, at 10.

       The Court referred the matter to the Honorable Laura Fashing, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed August 18, 2020 (Doc. 3).  The next day, Magistrate Judge Fashing directed Jaurigui to either prepay the $5.00 filing fee or file a motion to proceed in forma pauperis.  See Order to Cure Defects, filed August 19, 2020 (Doc. 4)("Order to Cure").  Jaurigui timely complied by filing a Motion for Leave to Proceed In Forma Pauperis.  See Motion for Leave to Proceed In Forma Pauperis, filed September 3, 2020 (Doc. 5)("IFP Motion").  On October 6, 2020, the court entered a Memorandum Opinion and Order denying the IFP Motion and directing Jaurigui to pay the $5.00 habeas filing fee within thirty days.  See Memorandum Opinion and Order, filed October 6, 2020 (Doc. 6)("IFP Ruling").  The IFP Ruling warned that the failure to timely comply will result in dismissal of this action without further notice.  See IFP Ruling at 1-2.

The deadline to submit the $5.00 filing fee was November 5, 2020.  See IFP Ruling at 2. Jaurigui did not comply or otherwise respond to the IFP Ruling.  The IFP Ruling was also returned as undeliverable with the notation "Return to Sender: attempted not known."  Mail Returned as Undeliverable, filed October 20, 2020 (Doc. 7).

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).  As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).  If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016).  Because "[d]ismissing a case with prejudice, however, is a

significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.  Those criteria include: "the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d at 1162.

Here, Jaurigui has not paid the filing fee as directed; is no longer in custody at his address of record; and has not provided an updated address.  In light of these failures, the Court will dismiss this case pursuant to rule 41(b) for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  The dismissal will be without prejudice, after considering the factors in Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center.

**IT IS ORDERED** that: (i) the Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus, filed August 17, 2020 (Doc. 1), is dismissed without prejudice; and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDG

Parties:

Daniel Jaurigui
Luna County Detention Center
Deming, New Mexico

*Pro Se Plaintiff*