IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL JAURIGUI,

    Plaintiff,

vs.                                                                                                                                                                                                              No. CIV 20-0828 JB/LF

CHRIS BRICE and
U.S. MARSHAL SERVICE,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Petitioner Daniel Jaurigui's failure to respond to the Order to Show Cause, filed December 16, 2020 (Doc. 16)("OSC"). The Honorable Laura Fashing, United States Magistrate Judge for the United States District of New Mexico, entered the OSC in this habeas matter after Jaurigui severed contact with the Court. See OSC at 1. Because Jaurigui never updated his address, as directed, and having reviewed applicable law, the Court will dismiss Jaurigui's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, filed August 17, 2020 (Doc. 1)("Petition"), without prejudice.

## BACKGROUND

On May 19, 2020, the Court sentenced Jaurigui to 120 months of imprisonment in United States v. Jaurigui, No. CR 19-1433 JB. See Petition at 1. The Court imposed the sentence after Jaurigui pleaded guilty to: (i) possession with intent to distribute 50 grams or more of a mixture and substance containing methamphetamine; (ii) possession with intent to distribute 100 grams or more of heroin; and (iii) possession of a firearm in furtherance of a drug trafficking crime. See Judgment in a Criminal Case, filed May 19, 2020 (CR Doc. 52 in 19-1433-JB)("Judgment"); Plea Agreement, filed May 22, 2019 (CR Doc. 19 in CR 19-1433 JB). Jaurigui's Petition alleges that,

as of August 17, 2020, the Bureau of Prisons ("BOP") would not accept new admissions due to the COVID-19 pandemic. See Petition at 1, 3. Jaurigui, therefore, remained at the Luna County Detention Center ("LCDC") after sentencing. See Petition at 3. Jaurigui alleges his underlying conditions, including diabetes, high cholesterol, high blood pressure, and high triglycerides, place him at a higher risk of death if he contracts COVID-19. See Petition at 4. In the prayer for relief, Jaurigui, therefore, requests to be placed on home confinement "until such time as COVID-19 no longer poses a grave threat," at which time he would enter a BOP facility to serve the remainder of his sentence. Petition at 10.

The Court referred the matter to Magistrate Judge Fashing for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed August 18, 2020 (Doc. 3). The next day, Magistrate Judge Fashing directed Jaurigui to either prepay the $5.00 filing fee or file a motion to proceed in forma pauperis. See Order to Cure Defects, filed August 19, 2020 (Doc. 4)("Order to Cure"). Jaurigui timely complied by filing a Motion for Leave to Proceed In Forma Pauperis, filed September 3, 2020 (Doc. 5)("IFP Motion"). On October 6, 2020, the Court entered a Memorandum Opinion and Order denying the IFP Motion and directing Jaurigui to pay the $5.00 habeas filing fee within thirty days. See Memorandum Opinion and Order, filed October 6, 2020 (Doc. 6)("IFP MOO"). The IFP MOO warned that the failure to timely comply will result in dismissal of this action without further notice. See IFP MOO at 1-2.

The deadline to submit the $5.00 filing fee was November 5, 2020. See IFP MOO at 2. Jaurigui did not initially comply or otherwise respond to the IFP MOO. The IFP MOO was also returned as undeliverable with the notation "Return to Sender: attempted not known." See Mail Returned as Undeliverable, filed October 20, 2020 (Doc. 7). The Court, therefore, prepared a

Memorandum Opinion and Order, along with a Final Judgment, dismissing the Petition without prejudice for failure to prosecute and comply with Court Orders.  See Memorandum Opinion and Order entered November 12, 2020 (Doc. 9)("First Dismissal MOO"); Final Judgment, filed November 12, 2020 (Doc. 10)("First Judgment").  After the Court prepared the First Dismissal MOO and First Judgment, but before their entry on the docket, Jaurigui paid the filing fee.  See Filing Fee Receipt, filed November 10, 2020 (Doc. 8).  The Clerk's Office docketed the First Dismissal MOO and First Judgment around the same time that Jaurigui submitted his untimely payment.  See First Dismissal MOO at 1; First Judgment at 1.

The Court exercised discretion to set aside the First Dismissal MOO and First Judgment and to reopen the habeas case, notwithstanding Jaurigui's late payment.  See Memorandum Opinion and Order entered November 30, 2020 (Doc. 13)("Reopening MOO").  However, as with several other documents in this case, LCDC returned the Reopening MOO as undeliverable.  See Mail Returned as Undeliverable, filed December 15, 2020 (Doc. 15).  The following day, on December 16, 2020, Magistrate Judge Fashing entered the OSC.  See OSC at 1.  The OSC noted that Jaurigui failed to keep the Court apprised of his current address, as D.N.M. LR-Civ. 83.6 requires.  See OSC at 1.  Accordingly, the OSC directed Jaurigui to update his address within thirty days, or to show cause why this habeas action should not again be dismissed without prejudice.  See OSC at 1.  The OSC warned that the failure to timely comply will result in dismissal of this action without further notice.  See OSC at 1.

The deadline to respond was January 15, 2020.  See OSC at 1.  LCDC returned the OSC as undeliverable.  See Mail Returned as Undeliverable, filed December 29, 2020 (Doc. 17).  In an abundance of caution, the Clerk's Office then mailed the OSC to Federal Correctional Institution ("FCI") Florence, where Jaurigui may have been housed.  See Staff Note, filed

December 29, 2020.  FCI Florence did not return that mailing, however, Jaurigui still failed to respond or confirm his address within thirty days, as directed.

## ANALYSIS

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  Fed. R. Civ. P. 41(b).  See AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc., 552 F.3d 1233, 1236 (10th Cir. 2009)("A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules.")(internal citation omitted).   As the United States Court of Appeals for the Tenth Circuit explained, "the need to prosecute one's claim (or face dismissal) is a fundamental precept of modern litigation . . . ."  See Rogers v. Andrus Transp. Services, 502 F.3d 1147, 1152 (10th Cir. 2007).  "Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court[s'] orders."  Olsen v. Mapes, 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003).

"Dismissals pursuant to Rule 41(b) may be made with or without prejudice."  Davis v. Miller, 571 F.3d 1058, 1061 (10th Cir. 2009).   If dismissal is made without prejudice, "a district court may, without abusing its discretion, enter such an order without attention to any particular procedures."  Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Center, 492 F.3d 1158, 1162 (10th Cir. 2016)("Nasious").   Because "[d]ismissing a case with prejudice, however, is a significantly harsher remedy -- the death penalty of pleading punishments -- [the Tenth Circuit has] held that, for a district court to exercise soundly its discretion in imposing such a result, it must first consider certain criteria."  Nasious, 492 F.3d at 1158.   Those criteria include:

the degree of actual prejudice to the defendant; the amount of interference with the judicial process; the culpability of the litigant; whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and the efficacy of lesser sanctions." Nasious, 492 F.3d at 1158.

Here, Jaurigui (i) has repeatedly failed to comply with the Court's Orders, including the most recent OSC; (ii) is no longer in custody at his address of record; (iii) and failed to confirm his updated address or otherwise express an interest in prosecuting this action.  In light of these failures, the Court will dismiss this case pursuant to rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.  See Olsen v. Mapes, 333 F.3d 1199 at 1204.  The Court concludes it will dismiss the case without prejudice, after considering the factors in Nasious, 492 F.3d at 1158.

**IT IS ORDERED** that: (i) Petitioner Daniel Jaurigui's Petition Under 28 U.S.C. § 2241 For a Writ of Habeas Corpus, filed August 17, 2020 (Doc. 1), is dismissed without prejudice pursuant to rule 41(b); and (ii) the Court will enter a separate Final Judgment disposing of this civil case.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Daniel Jaurigui
Luna County Detention Center
Deming, New Mexico

   *Pro Se Plaintiff*